### HORNING v FIDELITY & DEPOSIT COMPANY OF MARYLAND

Ohio Appeals, 2nd Dist, Franklin Co

No 3298. Decided Feb 27, 1941

Hamilton & Kramer, Columbus, and William T. Hayes, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment for defendant for its costs and a dismissal of plaintiff's amended petition.

The action was for damages for breach of an oral contract whereby the defendant, The Fidelity & Deposit Company, through its agent John Carroll, promised and agreed to write a bond in the sum of $250.00 to release certain chattel property of Hagenback-Wallace, Inc., which the Sheriff of Franklin County, Ohio, held under a writ of attachment issued upon authority of plaintiff simultaneously with his action against said Hagenback-Wallace, Inc., for damages.

The amended petition avers that plaintiff recovered a judgment against Hagenback-Wallace, Inc., in the sum of $105.00, together with costs in the sum of $25.10 as of date on or about June 15, 1938.

It is further averred that relying upon the agreement of the defendants to write the bond to indemnity the plaintiff, the sheriff of Franklin County released the chattel property of Hagen-

back-Wallace, Inc., and said property was removed from the jurisdiction.

In the Common Pleas Court both the Fidelity & Deposit Company of Maryland and John Carroll were defendants and filed identical answers, the first defense of which was a general denial; the second defense, "that the promise and agreement alleged in the amended petition to have been made by this defendant was not in writing and was not signed by this defendant or by any person by it lawfully authorized".

The reply was a general denial.

A demurrer was originally filed to the second defense of the answer, but thereafter the defendant, John Carroll, was dismissed as a party defendant without prejudice, the demurrer was withdawn, and the cause submitted to the Court without a jury upon an agreed statement of facts, which is before us.

The determinative question presented by the appeal is whether or not the oral promise of the agent of the defendant, The Fidelity & Deposit Company, to execute a surety bond to take the place of the attached chattel property of Hagenback-Wallace, Inc., in the attachment proceeding, was a promise to answer for the debt, default or miscarriage of another person, and therefore unenforceable under the statute of frauds, §8621 GC.

It is the claim of the appellants that the promise of the agent of defendant company to execute the bond "was an entirely original, direct and new promise, based upon a new and original consideration, part of that consideration being the release of the attached property". The new and original consideration which is asserted by the appellant is the premium which would have been exacted by the defendant company for the execution of the bond.

The agreed statement of facts does not disclose that there was any express agreement by Hagenback-Wallace, Inc., or any one acting for or on its behalf, to pay any premium to defendant company for executing the bond on behalf of Hagenback-Wallace, Inc. However, for the purpose of consideration of the ultimate question presented, we would be disposed to hold that a promise to so pay would be implied from the facts and circumstances appearing in the stipulation of facts. But having indulged this presumption the only consideration moving from Hagenback-Wallace, Inc., to defendant company was that of an agreement to pay the premium on the bond and the company had no substantive interest in the attached property and would have benefitted in no other way by its release by the sheriff.

It is alleged in the amended petition that the bond was to be issued under §11844 GC. It is urged by appellee that two forms of bonds are provided in attachment cases, under §11827 GC and §11844 GC, and that this fact establishes that the general promise to execute the bond was not sufficiently definite to sustain a cause of action thereon. We prefer to go to the direct question of the nature and effect of the promise to execute the bond either under §11827 or §11844 GC.

An examination of both these statutes is conclusive that the person other than the principal maker of the bond is a surety. The only obligation which the defendant company could have been called upon to perform under the agreement of its agent was to pay, under the conditions of the bond, if breached, if the principal thereon did not pay. It is not contemplated in either of the sections of the Code that there should be any primary liability on the part of the surety on an attachment bond.

The interest of the surety company in no view of the facts could have been "to subserve some pecuniary or business purpose of its own involving a benefit to itself" in the sense that the promise of Hepburn was so held to be in the **Texas Company v Seaboard National Bank, Executor, 26 Oh Ap p. 104.** The promise was clearly collateral and conditional and as there is no memorandum or note thereof in writing and signed by the party to be charged therewith or some other person thereunto by her or him lawfully authorized,

it comes clearly within the provisions of §8621 GC, and is unenforceable against the second defense of the answer of the defendant.

We have noted cases cited by both parties for the appellant, **Mays v Joseph, 35 Oh St 22,** the leading case of **Crawford v Edison, 45 Oh St 239,** The Texas Company v National Bank, supra, and also several of the many cases cited by counsel for appellee, but the facts in this case are so clearly distinguishable from those appearing in the cases cited by appellant as that it would serve no good purpose to take them up separately and mark the distinction.

We have had the benefit of the written opinion of Judge Randall and are in accord with his conclusions and the reasons therefor.

The judgment will be affirmed.

GEIGER, PJ., BARNES, J., concur.